**Pamela A. LILLEY, Plaintiff,**

v.

**PAGING NETWORK OF OHIO, INC., Defendant.**

**No. C2–99–0572.**

United States District Court, S.D. Ohio, Eastern Division.

April 5, 2000.

Konrad Kircher, Cincinnati, OH, for Plaintiff.

Marla Dyan Clark, Edward Michael Rossman, Jones Day Reavis & Pogue, Columbus, OH, Mark Herrmann, Jones, Day, Reavis & Pogue, Cleveland, OH, for Defendant.

## ORDER

GRAHAM, District Judge.

This case originated in the Common Pleas Court of Franklin County, Ohio. Plaintiff alleges that in August, 1997, she entered into a contract for paging services with defendant Paging Network of Ohio, Inc. ("PageNet") and that thereafter, PageNet unilaterally changed the terms of her contract reducing the number of free calls she was entitled to make per month. PageNet removed the action to this court and filed a motion to dismiss on the grounds that the court should defer to the Federal Communications Commission ("FCC") under the doctrine of primary jurisdiction or, alternatively, dismiss the complaint on the ground that it fails to state a claim upon which relief could be granted. Plaintiff filed a motion to remand. In an order filed on December 30, 1999, the court denied plaintiff's motion to remand and afforded plaintiff the opportunity to file an amended complaint to clarify the nature of her claim. The court deferred ruling on defendant's motion to dismiss.

Plaintiff filed her amended complaint on January 18, 2000, and on February 2, 2000, defendant renewed its motion to dismiss, arguing that the court should defer to the FCC with regard to the claims asserted in Count I of the amended complaint and that the court should dismiss Counts II and III, with prejudice, for failure to state a claim upon which relief could be granted. The motion to dismiss is now before the court for a ruling.

The amended complaint clarifies plaintiff's claim by specifically invoking Section 201 of the Communications Act of 1934, which forbids "unreasonable" or "unjust" practices in the telecommunications industry. Amended Complaint ¶¶ 6–8. Claims based on § 201(b) of the Act, 47 U.S.C. § 201(b), which relate to the reasonableness of charges made for communications services covered under the Communications Act are within the primary jurisdiction of the FCC and must be decided by the FCC in the first instance. *Kiefer v. Paging Network, Inc.*, 50 F.Supp.2d 681, 684–85 (E.D.Mich.1999). In its Memorandum Opinion and Order of December 30, 1999, the court referred to the Act's requirement that certain carriers must file tariffs under § 203(a) of the Act, 47 U.S.C. § 203(a). Counsel have pointed out that the FCC has excused commercial mobile radio service providers such as PageNet from this requirement. *See* 47 C.F.R. § 20.15 (1998). Nevertheless, the reasonableness of PageNet's charges and practices are regulated by the FCC, pursuant to § 201(b) of the Act. The court finds that the FCC has primary jurisdiction of the claims as set forth in Count I of the plaintiff's amended complaint. The state law claims set forth in Counts II and III of the amended complaint are preempted by the Communications Act and fail to state claims upon which relief may be granted.

Count I of the amended complaint shall be referred to the FCC. Counts II and III of the amended complaint are dismissed with prejudice. The court will stay further proceedings on Counts I and IV of the amended complaint pending action by the Federal Communications Commission.

It is so ORDERED.